HEYER, BROTHERS, *v.* JOSEPH FLAGG CARR & another.

In trover against two for a joint conversion, the plaintiffs obtained judgment by default against one, and then withdrew their action against the other, upon receiving from him partial satisfaction for the wrong, and agreeing no further to prosecute him personally therefor.  *Held,* that damages might be assessed against the defaulted defendant for the value of the goods converted, with interest from the time of conversion, deducting therefrom the amount received from his codefendant, by way of compromise, for *his* liability.

TROVER for a quantity of toys and fancy goods, belonging to the plaintiffs, and alleged to have been converted by the defendants, Joseph Flagg Carr and Norman P. Little, jointly, on the 29th day of November, 1858.

The action was brought, originally, in this court; and the defendant Little, having suffered judgment to pass against him by default, the plaintiffs, upon receiving from the defendant, Carr, who had answered the action, the sum of $70.82, and costs, had discontinued the action as to him, and given him a

receipt for the sum received of him as above. This sum was not received in settlement of the cause of action, which it was understood the plaintiffs were to be at liberty to prosecute against Little; but as the price of discontinuing this suit, and no further prosecuting the cause of action, against Carr.

*Eddy,* for the plaintiffs, having proved that the value of the goods, at the time of conversion, was $283.28, now moved, that damages be assessed against the defendant Little, in the sum of $219.36, being the value of the goods converted, after deducting the payment made by Carr, with interest from the time of conversion.

AMES, C. J. The plaintiffs are entitled to assess against the defaulted defendant the value of the goods converted, with interest from the time of conversion, deducting therefrom the amount received by them of the other defendant for his personal discharge. The receipt of an agreed satisfaction for a breach of contract, or for a tort, from one joint contractor or tort-feasor, is, indeed, a good defence to the others against liability for the same breach of contract, or tort. This defence proceeds upon the substantial ground, that the cause of action has been extinguished against all by full compensation received from one; and not upon the mere release of one, except so far as such release is evidence of full compensation, or renders pursuit of the others, by action, impracticable, according to the rules regulating legal remedies. Accordingly, a technical release, upon composition, of one of two copartners from a debt of the firm, with a proviso that it shall not discharge or affect the remedies, whether joint or several, against the joint estate, or the other copartner personally, will not, when pleaded, have that effect; and, *a multo,* a mere receipt will not, if given and received as evidence only of a partial satisfaction of a joint and several claim. *Solly* v. *Forbes,* 2 Brod. & Bing. 38; S. C. 6 Eng. C. L. Rep. 11; *Thompson* v. *Lack,* 3 Mann., Grang. & Scott, 540; S. C. 54 Eng. C. L. Rep. 540, 551, 552; *Waters* v. *Smith,* 2 B. & Adolph. 889; S. C. 22 Eng. C. L. Rep. 205–207; *Field* v. *Robbins,* 8 B. & Adolph. 90; S. C. 35 Eng. C. L. Rep. 333–335.

In this case we are disembarrassed from all technicalities

growing out of the cause of action, the nature of the discharge, or the rules pertaining to the remedy. A tort is joint and several; the discharge was by receipt only, and personal to one tort-feasor, for his share of the wrong; and the plaintiffs had obtained judgment by default against one defendant, before they settled with, and withdrew their action against, the other. The remaining defendant is, certainly, the last person who can complain of such a settlement; since, being, and acknowledging himself, liable for the whole damages of the joint wrong, by means of this compromise with his codefendant, he has the advantage, in his own discharge *pro tanto*, of whatever the plaintiffs have received by virtue of it.

*Let judgment be entered against the defendant, Little, for the sum of* $219.36.